IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MIGUEL ANGEL CHAVEZ, <br><br> Petitioner, <br><br><br> vs. <br><br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 <br><br><br><br><br> Civil Case No. 2:12-CV-110 TS <br><br> Criminal Case No. 2:09-CR-784 |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny Petitioner's Motion.

I.  BACKGROUND

Petitioner was named, along with several co-defendants, in an Indictment on October 14, 2009, charging him with manufacture of a controlled substance by cultivation and conspiracy to manufacture a controlled substance by cultivation. Petitioner was subsequently named in a Superseding Indictment on May 26, 2010, which added a count for possession of a firearm in furtherance of a drug trafficking crime.

1

On November 15, 2010, the day he was scheduled to go to trial, Petitioner pleaded guilty to each count of the Superseding Indictment. On February 25, 2011, Petitioner was sentenced to a term of imprisonment of 180 months. Judgment was entered on February 28, 2011. Petitioner did not seek direct appeal, but did timely file his § 2255 Motion on January 23, 2012.

## II.  DISCUSSION

Petitioner raises the following arguments in his motion: (1) that the government did not provide certain evidence until three weeks prior to trial; (2) there were no plea negotiations before he signed the plea agreement; (3) he was forced to enter the plea; (4) he never had a weapon in his possession; and (5) an unfair sentencing disparity existed between him and his co-defendants.

The government argues that all of Petitioner's arguments are barred by the collateral appeal waiver contained in Petitioner's plea agreement. The Court agrees.

The Tenth Circuit has established a three-part test to interpret appeal waivers, based upon contract principles.[1] The Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[2] The Tenth Circuit further clarified that a court is to "strictly construe the scope of appellate waivers and 'any ambiguities in these agreements are read against the Government and

---

[1] *United States v. Hahn*, 359 F.3d 1315, 1324-25 (10th Cir. 2004) (*en banc*) ("[C]ontract principles govern plea agreements.").

[2] *United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *Hahn*, 359 F.3d at 1325).

in favor of a defendant's appellate rights.'"³  Moreover, the Court is to "hold a defendant to the terms of a lawful plea agreement."⁴  With these principles in mind, the Court proceeds with its analysis.

    *1.      Scope of Appeal Waiver*

Petitioner signed a broad waiver of appellate rights, which included the waiver of his "right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."⁵

The Court finds that the language of the plea agreement is clear and unequivocal. Petitioner waived any right to bring a collateral attack on his sentence, including a motion brought pursuant to 28 U.S.C. § 2255.  Such a waiver does not prohibit ineffective assistance of counsel claims challenging the validity of the plea or the waiver.⁶  However, Petitioner raises no ineffective assistance claims.  Therefore, the Court finds that all of Petitioner's claims fall within the scope of the waiver.

Even if Petitioner's claims relating to the plea could be construed as claims for ineffective assistance, these claims fail.  The plea colloquy reflects that Petitioner entered his plea knowingly and voluntarily.  Therefore, the Court rejects Petitioner's plea-based claims on the merits.

---

³*Id*. (internal citations and quotations omitted).

⁴ *United States v. Atterberry*, 144 F.3d 1299 (10th Cir. 1998).

⁵Case No. 2:09-CR-784 TS, Docket No. 303, at 5.

⁶*United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

##### 2.     *Knowing and Voluntary Waiver*

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[7] In determining whether an appellate waiver is knowing and voluntary, the Court looks to two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily,"[8] and (2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy."[9]

A review of the transcript from the change of plea hearing and the Statement in Advance of Plea confirm that Petitioner was specifically informed of the waiver of his collateral appeal rights, that he was aware of the provision of the plea agreement waiving those rights, and that he waived those rights knowingly and voluntarily.

##### 3.     *Miscarriage of Justice*

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[10]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver

---

[7]*Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

[8]*Id*. at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

[9]*Id.* (internal citations omitted).

[10]*Id*. at 1327 (internal citations omitted).

is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[11]

Petitioner bears the burden of establishing a miscarriage of justice.[12]

Petitioner does not raise any of these factors in his Motion and there is nothing in his Motion to support such a finding. Therefore, the Court finds that enforcing the waiver would not result in a miscarriage of justice. As a result, the Court will enforce Petitioner's waiver and will deny Petitioner's Motion.

### III. CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:12-CV-110 TS) is DENIED for the reasons set forth above. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required. It is further

ORDERED that, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

The Clerk of Court is directed to close Case No. 2:12-CV-110 TS forthwith.

---

[11]*Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

[12]*United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

DATED   October 4, 2012.

                                                                BY THE COURT:

                                              _____
                                              TED STEWART
                                              United States District Judge